

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00469-CV

IN THE INTEREST OF A.K.M.,
A CHILD

------------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant S.B. (Mother) appeals a final order in this suit affecting the parent-child relationship.  We will affirm.

### II. BACKGROUND

Mother and Father dated but separated sometime around February 2006.

They are the parents of A.K.M., a male child born in May 2006.

---

[1]*See* Tex. R. App. P. 47.4.

Mother filed this lawsuit in October 2007, seeking to establish conservatorship of A.K.M. and to receive child support from Father. The trial court entered temporary orders in February 2008, appointing Mother and Father temporary joint managing conservators of A.K.M., naming Mother the conservator with the exclusive right to designate the primary residence of A.K.M., and ordering Father to pay child support. Little happened in the case until October 2012, when the trial court modified the temporary orders and gave Father the right to determine A.K.M.'s residence, ordered that Mother have no periods of possession with A.K.M., and required Mother to pay Father monthly child support. A final bench trial occurred approximately two months later, in December 2012, and the trial court signed a final order in January 2013 that, among other things, designated both Mother and Father joint managing conservators of A.K.M., awarded Father the right to establish the primary residence of A.K.M., and gave Mother a standard possession order that became effective on January 1, 2013. Mother did not request findings of fact and conclusions of law.

### III. FATHER'S MOTION TO DISMISS

Father argues that we should dismiss this appeal for want of jurisdiction because Mother did not file a notice of appeal after the trial court signed the final order in January 2013, and a notice of appeal that Mother filed before the trial court signed the final order was ineffective to vest this court with jurisdiction.

2

Mother filed a notice of appeal on November 16, 2012, in an attempt to challenge the trial court's amended temporary orders. In December 2012, we sent Mother a letter explaining that the appeal was subject to dismissal because the order amending the temporary orders was neither a final judgment nor an appealable interlocutory order. The letter, however, was not delivered to Mother and was returned to the court. We then sent Mother a letter dated January 22, 2013, explaining that we had "been informed by the trial court clerk that the trial judge has not signed an order in this case, although [Mother] has informed us that a final order was signed in the trial court." We gave the parties an opportunity "to furnish this court [with] a signed copy of the order that appellant seeks to appeal." On March 6, 2013, the court notified the parties that it had received the trial court's January 18, 2013 final order but that it had not received a docketing statement or the filing fee. The appeal proceeded.

Rule 27.1(a) provides that "[i]n a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." Tex. R. App. P. 27.1(a). Here, Mother filed a notice of appeal before the trial court signed the final order, but we gave the parties an opportunity to provide the court with a final order, which we ultimately received at some point before we sent the March 2013 letter to the parties requesting a docketing statement and the filing fee. Thus, we considered the defect in the record resolved. We recognize that Mother's premature notice of appeal sought to challenge the trial court's amended temporary orders, not the

3

final order, but the subject matter of the amended temporary orders is virtually identical to the matters that the trial court ruled on at the final trial and that Mother now challenges in this appeal—conservatorship, possession, and child support. The supreme court has cautioned on several occasions that appellate courts should not dismiss an appeal for a procedural defect when any arguable interpretation of the rules of appellate procedure would preserve the appeal. *See Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011); *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Heeding that warning, we conclude that, under these unique facts, an arguable interpretation of rule 27.1(a) exists that Mother's notice of appeal from the amended temporary orders altering conservatorship, possession, and support was sufficient to vest this court with jurisdiction over an appeal from the final order finally determining conservatorship, possession, and support, once the trial court signed the final order. Accordingly, we treat Mother's notice of appeal as having been filed on January 18, 2013, the date the judgment became final for purposes of appeal. We deny Father's motion to dismiss this appeal.[2]

## IV. CONSERVATORSHIP, POSSESSION, AND SUPPORT OF A.K.M.

In her first issue, Mother complains of several decisions that the trial court made regarding the conservatorship, possession, and support of A.K.M. We

---

[2]Father also argues that Mother's brief fails to comply with rules 9 and 38. *See* Tex. R. App. P. 9, 38. We also deny Father's motion to dismiss on that basis.

review those decisions for an abuse of discretion. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Halleman v. Halleman*, 379 S.W.3d 443, 447 (Tex. App.—Fort Worth 2012, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable.[3] *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

Mother argues that the trial court abused its discretion by appointing Father, instead of her, as the parent with the exclusive right to designate the primary residence of A.K.M. because Father has a conviction for possession of marijuana and was violent to Mother on several occasions.

"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." Tex. Fam. Code Ann. § 153.002 (West 2008). "The court may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present . . . physical . . . abuse by one parent directed against the other parent." *Id.* § 153.004(b) (West Supp. 2013).

Here, Father acknowledged that he "had a problem with violence in the past," but he also testified that Mother assaulted him on multiple occasions

---

[3]Legal and factual sufficiency are not independent grounds of error in these contexts, but they are relevant factors in deciding whether the trial court abused its discretion. *Halleman*, 379 S.W.3d at 447.

5

during their relationship. Father also admitted that he had a conviction for possession of marijuana, but Mother confirmed that she had two DWI convictions, that she spent sixty-seven days in jail after being arrested in early October 2012, and that she was convicted of assault-family violence on December 3, 2012, only seventeen days before the final trial. The evidence also showed that Mother is unemployed, that she is pregnant, and that CPS initiated investigations against her at some point. As for A.K.M., Father testified that he had seen "[d]rastic changes" in him since taking possession of him in October 2012 and that A.K.M. has calmed down and is making good grades in school. We hold that the trial court did not abuse its discretion by appointing Father as the parent with the exclusive right to designate A.K.M.'s primary residence. We overrule this part of Mother's first issue.

In another part of her first issue, Mother argues that the trial court abused its discretion by entering a standard possession order and by ordering that she have no overnight possession of A.K.M. on December 22, 24, 28, and 30, 2012. The family code establishes a rebuttable presumption that the standard possession order provides reasonable minimum possession of a child for a parent named as a joint managing conservator and is in the best interest of the child. *Id.* § 153.252 (West 2008). Here, in addition to the testimony above about Mother's criminal record and lack of employment, her aunt testified that Mother had moved between ten and fifteen times since A.K.M. was born, that the aunt once picked up A.K.M. from Mother's house after receiving a phone call from a

6

stranger who was apparently watching A.K.M. and said that she had to leave, and that the aunt had "seen numerous men in [Mother's] house." Both Father and Mother's aunt said that they fear for the health, welfare, and safety of A.K.M. when he is with Mother. As required by the family code, the final order provides that the possession schedule applies in the event that Mother and Father are unable to agree on the terms of possession; thus, Mother and Father may agree to different terms of possession if they so choose. *See id.* § 153.311 (West Supp. 2013). We hold that the trial court did not abuse its discretion by entering a standard possession order and—to the extent that it is not moot—by limiting A.K.M.'s overnight stays with Mother on the four occasions. We overrule this part of Mother's first issue.

In another part of her first issue, Mother argues that the trial court abused its discretion by ordering her to pay Father child support. Mother testified at the final trial that she "would definitely be willing to support" A.K.M. if Father was awarded greater possession of A.K.M. We hold that the trial court did not abuse its discretion by ordering Mother to pay child support, and we overrule the remainder of Mother's first issue.

## V. DRUG TEST

In her second issue, Mother argues that the trial court abused its discretion by ordering her to take a drug test because she testified that she does not use drugs and because Father is the one with the history of drug use (marijuana). Mother told the trial court at the final trial that she was willing to undergo drug

7

testing.  That Father has a conviction for possession of marijuana does not obviate Mother's testimony that she agreed to a drug test.  In light of this and the remainder of the record, the trial court could have reasonably concluded that it was in A.K.M.'s best interest to order Mother to take a drug test.  We hold that the trial court did not abuse its discretion by ordering Mother to take a drug test, and we overrule her second issue.

## VI.  CONTINUANCE

In her third issue, Mother argues that the trial court abused its discretion by denying the oral motion for continuance that she made at the outset of the final trial.  If a motion for continuance does not comply with rule of civil procedure 251, it will be presumed that the trial court did not abuse its discretion by denying the motion.  *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).  Rule 251 requires the motion to be "supported by affidavit."  *See* Tex. R. Civ. P. 251.  Mother's oral motion for continuance therefore did not comply with rule 251.  We overrule her third issue.

## VII.  CONCLUSION

Having overruled all of Mother's issues, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DELIVERED:  December 12, 2013

8