**Guy WILLIAMS, Petitioner,**

v.

**Alma FLORES, Respondent.**

No. 02–0035.

Supreme Court of Texas.

Oct. 10, 2002.

Guy Williams, Corpus Christi, pro se.

Hector Rene Gonzalez, Law Office of Hector Rene Gonzalez, Corpus Christi, for respondent.

## PER CURIAM.

■ Guy Williams attempted to appeal a final judgment confirming an arbitration award for Alma Flores. The court of appeals dismissed the appeal, holding that Williams did not file a timely motion for new trial. We conclude, to the contrary, that Williams filed his motion for new trial within thirty days of the trial court's judgment in compliance with rule 329b. TEX.R. CIV. P. 329b.

The trial court's judgment is dated April 27, 2001. Williams's motion for new trial bears the clerk's date-stamp of May 29, 2001. This motion was filed timely because May 27th (the thirtieth day after judgment) fell on a Sunday and May 28th was a legal holiday. TEX.R. CIV. P. 4, 329b. Therefore, the court of appeals erred in holding that the motion for new trial was late.

After concluding that the motion for new trial was untimely, the court of appeals held that the notice of appeal, filed more than thirty days after judgment, was also late. TEX.R.APP. P. 26.1. As a result, the court of appeals concluded that it lacked jurisdiction to decide Williams's appeal. We conclude that Williams was entitled to rely on the extended deadlines resulting from Williams's timely motion for new trial. TEX.R.APP. P. 26.1(a).

■ Accordingly, Williams then had ninety days from the date of the judgment, or until July 26, 2001, to perfect his appeal. *Id.* Williams did not file his notice of appeal until August 7, 2001, twelve days after the ninety-day deadline expired, and therefore his notice of appeal was late. Nevertheless, rule 26.3 provides that a party may extend the deadline for filing a notice of appeal by filing a motion within fifteen days after the deadline expired, reasonably explaining the need for the extension. TEX.R.APP. P. 26.3. Under this rule, Williams was required to file his motion for extension of time with the court of appeals no later than August 10, 2001. *Id.*

Williams mailed his motion for extension of time on August 10. The court of appeals received the motion on August 13. Our rules permit filing by mail if the document is mailed on or before the last day for filing, contains a legible United States Postal Service postmark, and is received within ten days after the filing deadline. TEX.R.APP. P. 9.2(b). Therefore, we conclude that Williams timely filed his motion for extension of time to file his notice of appeal.

Because we conclude that Williams timely filed both his motion for new trial and his motion to extend time to file a notice of appeal, the court of appeals erred in dismissing the appeal. We express no opinion on the merits of the motion to extend time, which the court of appeals has yet to consider. Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and remand to that court for further proceedings. TEX.R.APP. P. 59.1.

Justice SCHNEIDER did not participate in the decision.