**Opinion issued August 27, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00175-CV

_____

**MANOWAR AZIZ AND AB TRANSPORT AND TRUCKING, Appellants**

**V.**

**ABDUL WARIS, INDIVIDUALLY, AND ON BEHALF OF PROGRESSIVE TRUCKING, INC., AS SHAREHOLDER, Appellee**

On Appeal from the 133rd Judicial District Court
Harris County, Texas
Trial Court Case No. 2013-09984

## MEMORANDUM OPINION

Appellants, Manowar Aziz and AB Transport and Trucking ("Aziz"), attempt to appeal from the trial court's final judgment, signed on December 19, 2014. Appellee, Abdul Waris, Individually, and on behalf of Progressive Trucking, Inc., as shareholder ("Waris"), has filed a motion to strike or deny

Aziz's notice of appeal for want of jurisdiction contending that the notice of appeal was untimely because his motion for new trial was untimely. We agree, construe the motion as one to dismiss the appeal, grant the motion, and dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* at 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed the final judgment awarding Waris monetary damages on December 19, 2014, in his breach of contract action after a December 12, 2014 bench trial. Therefore, a motion for new trial was due by January 20, 2015, because thirty days after the December 19, 2014 signing of the final

2

judgment was Sunday, January 18, 2015, and Monday, January 19, 2015, was a legal holiday. *See* TEX. R. CIV. P. 4, 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed."). Aziz, through counsel, electronically filed a motion for new trial that was file-stamped at 12:38:54 am on Wednesday, January 21, 2015, making it untimely by about thirty-nine minutes. *See* TEX. R. CIV. P. 21(f)(1) (requiring that in all non-juvenile civil cases, attorneys must electronically file documents in courts where electronic filing has been mandated), (5) (stating that document is considered timely filed if it is electronically filed at any time before midnight on filing deadline).

After Aziz filed the motion for a new trial on January 21, 2015, Waris filed a motion to strike or deny that motion in the trial court, contending that the motion was untimely filed one day past the January 20, 2015 deadline. Aziz filed a reply in the trial court, asserting that, although the system showed his motion for new trial was filed a few minutes after midnight on January 21, 2015, it should be considered timely filed on January 20, 2015, which was the thirty-second day following judgment because the thirtieth day was a Sunday and the thirty-first day was a public holiday. *See Williams v. Flores*, 88 S.W.3d 631, 632 (Tex. 2002). On February 16, 2015, the trial court struck and denied Aziz's motion for a new trial as untimely. Because Aziz's motion for new trial was struck as untimely

filed, it did not extend the deadline for filing his notice of appeal, which remained due by January 20, 2015, or by February 4, 2015, with a fifteen-day extension. *See* TEX. R. APP. P. 4, 26.1(a)(1), 26.3; *see also Deaton v. Citibank, N.A.*, No. 01-12-00752-CV, 2012 WL 5878111, at *1 (Tex. App.—Houston [1st Dist.] Nov. 21, 2012, no pet.) (per curiam) (mem. op.) (untimely motion for new trial does not extend deadline for filing notice of appeal).

Aziz filed an untimely notice of appeal in the trial court on February 22, 2015, more than thirty days after the trial court's December 19, 2014 final judgment. *See* TEX. R. APP. P. 26.1. Aziz did not file a motion for extension of time to file the notice of appeal, nor can one be implied because the notice of appeal was untimely filed. *See id.* at 26.3(b); *Verburgt*, 959 S.W.2d at 617–18. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On March 2, 2015, Waris moved to strike or deny Aziz's notice of appeal in this Court, which we construe as Waris's motion to dismiss the appeal for want of jurisdiction. Waris contends that since Aziz's motion for new trial was stricken as untimely, his notice of appeal was untimely. On June 4, 2015, because Aziz had failed to respond to Waris's motion to dismiss, this Court denied Aziz's motion for an extension of time to file his appellant's brief without prejudice to refiling after he timely filed a response to the motion to dismiss.

On June 11, 2015, Aziz filed a response to Waris's motion to dismiss in this Court, repeating his assertion that the Texas Supreme Court has held that a motion for new trial filed on the thirty-second day after trial was timely if the thirtieth day was a Sunday and the thirty-first day was a legal holiday. *See Williams*, 88 S.W.3d at 632. Thus, Aziz contended that his motion for new trial should be deemed timely because the final judgment was signed on a Friday, December 19, 2014, and because the next two days were weekend days, the thirty-day clock to file a motion for new trial did not begin counting until Monday, December 22, 2014, putting his deadline to file a motion for new trial on January 22, 2015, and making his motion for new trial timely filed on January 21, 2015.

Aziz alternatively contended in his response that, even assuming that Waris was correct that the thirty-day deadline to file his motion for new trial was Sunday, January 18, 2015, and because the next day was a legal holiday, his deadline was actually on Tuesday, January 20, 2015, this Court should not dismiss his notice of appeal. Aziz's counsel asserted, for the first time on appeal, that he had tried to file his motion for new trial on the evening of January 20, 2015, but that "the efile system kicked the filing back a couple of time[s] without any reason provided or said that the filing was being uploaded," and by the time his filing was accepted, it had a file stamp a few minutes after midnight at 12:38 am on January 21, 2015.

5

Waris filed a reply, contending that Aziz's computation of a January 22, 2015 deadline for the motion for new trial was based on an incorrect interpretation of Rule 4 which only looks to whether the last day, not the first day, of a time period is a weekend or legal holiday. *See* TEX. R. CIV. P. 4. Waris also asserted that Aziz did not offer any proof to support his alternative argument that he had attempted to file his motion for new trial on the evening of January 20, 2015. Waris attached to his reply a sample confirmation from his electronic filing service provider showing the time stamp of when he had transmitted a document, and without such similar evidence, Aziz's contention that he tried to file his motion on the evening of January 20, 2015, should be rejected.

As to Aziz's contention about computation of time, we agree with Waris. The trial court signed the final judgment on December 19, 2014, starting the count on Saturday, December 20, 2014, not Monday, December 22, 2014. Thirty days after December 20, 2014, was Sunday, January 18, 2015, and because Monday, January 19, 2015, was a legal holiday, Aziz's deadline to file a motion for new trial or notice of appeal was January 20, 2015. *See* TEX. R. CIV. P. 4 (stating that "the day of the act, event, or default, after which the designated period of time begins to run is not to be included," but "[t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal

6

holiday."). Thus, Aziz's motion for new trial was untimely filed on January 21, 2015. Moreover, Aziz's interpretation of the rules of civil procedure to exclude the initial weekend from the calculation of the deadline to file a motion for new trial is not an arguable interpretation of Rule 4 that could preserve the appeal. *See Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011).

To the extent Aziz contends that the trial court erred in striking his motion for new trial because he had attempted to e-file the motion on the evening of January 20, 2015, he did not preserve this claim for appellate review by only briefly referring to it in his reply before the trial court. *See* TEX. R. APP. P. 33.1(a)(1)(A). In any event, Aziz could have filed in the trial court, but did not file, a motion seeking an extension of time to file his motion for new trial on the basis that he had tried to file his motion for new trial through his electronic filing service provider before midnight on January 20, 2015, but that there was a technical failure or system outage that caused the untimely filing about thirty-nine minutes late. *See* TEX. R. CIV. P. 21(f)(6) (stating that "[i]f a document is untimely due to a technical failure or a system outage, the filing party may seek appropriate relief from the court"); *see also Ex parte Agostadero*, No. 14–13–00975–CR, 2014 WL 1622772, at *1–2 (Tex. App.—Houston [14th Dist.] Apr. 22, 2014, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal after concluding motion was untimely filed "about five minutes late" when appellant "did not allege

7

or prove that the motion was transmitted to appellant's electronic filing service provider before midnight, or that there was a technical failure or system outage that caused the untimely filing" of his motion to extend the time to file his notice of appeal).

Instead, Aziz claimed in the trial court that his motion for new trial should be considered timely filed on January 20, 2015, which was the thirty-second day after trial because the thirtieth day was a Sunday and the thirty-first day was a legal holiday. Aziz did not sufficiently allege that any technical failure or system outage caused the untimely filing of his motion for new trial in the trial court, and did not offer any proof of such technical problems in this Court. Thus, Aziz's response does not adequately rebut Waris's motion to dismiss to show that this Court has jurisdiction over his appeal. As noted above, without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

Accordingly, we **grant** Waris's motion and **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Massengale.