**CONCUR; and Opinion Filed July 22, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00566-CV

**ERWIN CRUZ AND THE ERWIN A. CRUZ FAMILY LIMITED PARTNERSHIP, BOTH OF THEM INDIVIDUALLY AND ON BEHALF OF NORTH DALLAS MEDICAL IMAGING, LP, PLANO AMI, LP, AND GHANI MEDICAL INVESTMENTS, INC., Appellants**

**V.**

**MEHRDAD GHANI, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-16274**

## CONCURRING OPINION

Opinion by Justice Schenck

I agree with the majority in concluding that we may reach the merits of this motion. However, I write separately because I reach that conclusion under a different reasoning. My reasoning is informed by a mandate from the supreme court that requires us to examine a case on its merits when there is an "arguable interpretation" that would allow us to do so. *See Ryland Enter. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011). Because I find that mandate is applicable here,[1] and because, at the very least, an arguable construction would support our ability to reach and dispose of the issue presented on the merits, I concur.

---

[1] I concede that the "arguable interpretation" canon I apply here is most often employed in a non-jurisdictional context. The Texas Supreme Court has faced the argument that it should not be employed in jurisdictional settings and rejected it. *Verburgt v. Dorner*, 959 S.W.2d 615, 618 n.2 (Tex. 1997) (Enoch, J., dissenting).

The threshold question presented by the filing of Cruz's motion is whether the rules of appellate procedure allow us to reach and dispose on the merits a party's motion for en banc reconsideration filed for the first time after a motion for rehearing is denied without any modification of the original judgment or opinion. The dissent, relying on the phrase "when permitted" in appellate Rule 49.7, concludes that they do not. If the question here were whether, when applying canons of construction and interpreting the rules like we would statutes, including resorting to commentary and drafting history, Rule 49.7 is best read to foreclose our review of the motion, then I concede that the dissent may well have the best answer. Whether such a construction would be practical or advisable would be a separate question. It is enough for present purposes to say that I see nothing in the text of Rule 49.7, even when augmented by resort to Rule 49.5, to suggest that a motion for en banc reconsideration can only be filed within 15 days of the date the court of appeals renders a judgment or order, unless the opinion is modified on panel rehearing. That conclusion can come only from resort to interpretative comments to Rules 49.5 and 49.7 and its mercurial declaration that the drafters intended for the rules to treat a motion for en banc reconsideration as a motion for rehearing. But to me, the real question is whether we are obligated to go that distance if there is an arguable interpretation of the appellate rules that will allow us to resolve the motion on the merits. For the following reasons, I believe there is an arguable interpretation in this case that allows us to reach the merits.

To be clear, I do not believe that there is anything elevated or exalted about en banc rehearing that affects how we are to read the rules. It is enough, to me, that the rules authorize the review by motion of a party or by initiation of other members of the court and, in rare instances on larger courts like this one, provide a mechanism for ensuring uniformity in opinions and participation by the court's membership in major matters. While I agree that we should interpret the rules as we would a statute, employing the familiar and usual canons and interpretive aids, I

believe the Texas Supreme Court has given us what amounts to a "super" canon of construction that directs us to an interpretive off-ramp where, in the process of construction, we encounter ambiguity and an "arguable interpretation" that would support a merits disposition. *Ryland*, 355 S.W.3d at 665. As I read *Ryland*, we are to read all of the rules in the manner that best permits merits resolution, a concept that no one would argue to exclude en banc consideration.

The majority cites *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997), which also applies the "arguable interpretation" canon of construction in its analysis. In *Verburgt*, the rules of appellate procedure provided a fifteen-day period in which the parties could file a motion to extend the deadline for filing a cost bond. The court held that "a motion for extension of time is implied when a party, acting [in] good faith, files a cost bond within the fifteen-day period in which Rule 41(a)(2) permits parties to file a motion to extend." *Id.* at 615. The court further stated that "This Court has never wavered from the principle that appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Id.* at 616. *Verburgt* is important in my view only because it confirms the application of *Ryland*'s mandate to jurisdictional questions that might be subject to a stricter rule.

Thus, unless one can find that the phrase "when permitted" is sufficiently plain that it requires no resort to aids of construction, we are to prefer any plausible interpretation that would allow us to reach the merits. As discussed more fully below, I believe the "when permitted" language found in Rule 49.7 is ambiguous and that an "arguable interpretation" permits a merits disposition of the motion.

The crux of the dissent's argument is that the words "when permitted" in Rule 49.7 must have some meaning. I agree. Where the dissent and I appear to part company is whether the words "when permitted" are so clear that the typical practitioner or pro se litigant would likely read the

text of Rule 49.7 as the dissent does, *without resort* to other rules, commentary and interpretive aids. The dissent suggests that its resort outside the text is not necessary to answer that question. I disagree. There is nothing within the rule itself to give any insight as to when a motion for en banc reconsideration can be filed, other than the fifteen-day trigger from the date of the original panel opinion that appears in the first half of the sentence. As the dissent appears to concede, limiting "when permitted" to that original period makes no sense as it writes "or" out of the "when permitted" clause. Thus, anyone reading the rule with an eye toward understanding what the words "or when permitted" means, is compelled to embark on the same journey of discovery and interpretation undertaken by the dissent.

The dissent's journey begins with reading Rules 49.5 and 49.7,[2] as well as the comments to the 2008 amendment to Rules 49.5 and 49.7, to conclude that motions for en banc reconsideration should be considered as motions for rehearing. I agree that the rules should be read as a whole and in light of each other, and that the commentary is useful in informing our understanding of the drafters' intent. However, the fact that we are compelled to embark on this process seems to confirm to me that we are engaged in resolving an ambiguity in the text. *Greater Houston P'ship v. Paxton*, 468 S.W.3d 51, 58 (Tex. 2015).

The dissent finds the answer to the "when permitted" query in Rule 49.5's conditioning on filing "further motions for rehearing" to apply to a motion for en banc reconsideration and thus to permit filing of an en banc motion only if the panel opinion has been altered per Rule 49.5. Nothing in either Rule 49.5 or 49.7 says so. Instead, it is the comments to Rules 49.5 and 49.7 that state: "Rule 49 is revised to treat a motion for en banc reconsideration as a motion for rehearing and to include procedures governing the filing of a motion for en banc reconsideration." TEX. R. APP. P.

---

[2] Rule 49.5 is titled "Further Motion for Rehearing" and Rule 49.7 is titled "En Banc Reconsideration".

49.5 cmt., 49.7 cmt. (2008). What does that mean?  The dissent maintains: "The comment directs us to treat motions for en banc reconsideration as motions for rehearing.  Thus, en banc motions are 'permitted' after we deny a panel or en banc motion only if the conditions set forth in Rule 49.5 are met."  Embracing the comment makes this a valid construction, as nothing in the text of either rule suggests that motions for "rehearing" and "reconsideration" are fungible for purposes of subjecting either to the special constraint on a successive motion of either type.

However, there is at least one other arguable interpretation of "when permitted."  While motions for en banc reconsideration and motions for rehearing are both subject to the "when permitted" limitation, that does not necessarily make the two motion types interchangeable and thus incapable of seriatim pursuit.  For example, crediting the idea that both are subject to constraints explicitly referenced only in Rule 49.5, "when permitted" could refer to a case where the first motion filed simply seeks en banc reconsideration and still give full effect to Rule 49.5. In that instance, we would apply the procedures for a "further motion for rehearing" to a second motion for en banc reconsideration—as set forth in Rule 49.5—such that the party would not be "permitted" to file a second motion requesting en banc reconsideration unless the Court changed the original judgment or opinion following the first.  The same would be true if an initial and subsequent motion requested only a panel rehearing, as the text of Rule 49.5 plainly directs.  This is in contrast to the circumstance we have in the present case, where the first motion is for a panel rehearing and the second motion is for en banc reconsideration.  In this circumstance, an arguable interpretation of the appellate rules is that the motions are not interchangeable, but both are "treated" as motions for rehearing and are thus subject to the prohibition on repetitive refiling without some intervening change to the opinion or judgment.

A motion for en banc reconsideration filed for the first time after the denial of a motion for panel rehearing would be considered an initial motion for en banc reconsideration—and not a "further motion for rehearing"—that would be permitted to be filed within fifteen days after the court of appeals' denial of the party's last timely filed motion for rehearing. This arguable interpretation would not conflict with the comments to Rules 49.5 and 49.7 either, as those comments require us to treat a motion for en banc reconsideration as a motion for rehearing, but not to treat the motions as interchangeable.

This interpretation is also logical. It makes sense for the litigants to first request a rehearing from the original panel before attempting to engage the court en banc with the limitations imposed on en banc reconsiderations. Of course parties may also file a combined request for panel rehearing and en banc reconsideration together, making a second request of either type subject to the "when permitted" bar. A contrary reading would seem to compel virtually every litigant to combine a motion for rehearing with a motion for en banc reconsideration, or file both motions separately, but at the same time, as any party wishing to preserve the ability ever to engage the court in full would have to be aware that few decisions on motions for panel rehearing can be drafted, filed and disposed of within the 15 days that would otherwise be available for an en banc reconsideration request.

The mere fact that there is no definition within the rules of the phrase "when permitted" and the fact that we have to look outside of Rule 49.7 to determine the meaning of "when permitted" seems to concede by force of logic that the meaning of the phrase is ambiguous. The question, to me, is then whether there is more than one interpretation of "when permitted." As I concluded above, I believe there is. Moreover, applying the principle that appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the rules of appellate procedure would preserve the appeal, I conclude this arguable interpretation of the

appellate rules preserves the appeal, allowing us to reach the motion's merits. *See Ryland*, 355

S.W.3d at 665; *Verburgt*, 959 S.W.2d at 616–17.

/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

Pedersen, III, J. joins this concurring opinion

170566CF.P05