**RYLAND ENTERPRISE, INC., Appellant,**

v.

**Vickie WEATHERSPOON, Appellee.**

**No. 01–10–00715–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 27, 2011.

Charles Lamar Drayden, for Ryland Enterprise, Inc.

Christina Stone, for Vickie Weatherspoon.

Panel consists of Justices KEYES, SHARP, and MASSENGALE.

**MEMORANDUM OPINION**

PER CURIAM.

This is an attempted appeal of the trial court's judgment in favor of appellee, Vickie Weatherspoon. Weatherspoon filed a motion to dismiss this appeal for lack of jurisdiction. She argued that appellant, Ryland Enterprise, Inc. ("Ryland"), failed to file a timely notice of appeal. Ryland responded to Weatherspoon's motion to dismiss, arguing that its motion for judgment notwithstanding the verdict extended the deadline for filing a notice of appeal.

This case was presented to a jury on May 3, 2010, and the jury rendered a verdict in favor of Weatherspoon on May 4, 2010. Weatherspoon moved to enter judgment on the jury verdict, and on May 25, 2010, Ryland moved for judgment notwithstanding the verdict. On June 14, 2010, the trial court entered judgment in favor of Weatherspoon and denied Ryland's motion to enter judgment notwithstanding the verdict. No post-judgment motions were filed. Ryland filed its notice of appeal on August 18, 2010.

Ryland cites *Kirschberg v. Lowe*, 974 S.W.2d 844 (Tex.App.-San Antonio 1998,

no pet.), to support its contention that its motion for judgment notwithstanding the verdict extended the deadline for filing a notice of appeal to 90 days following entry of the judgment. However, *Kirschberg* does not apply to the present case. The San Antonio Court of Appeals held that "the filing of any *postjudgment* motion or other instrument that (1) is filed within the time for filing a motion for a new trial and (2) 'assail[s] the trial court's judgment' extends the appellate timetable." *Kirschberg*, 974 S.W.2d at 847–48 (emphasis added) (quoting *Gomez v. Tex. Dep't of Criminal Justice*, 896 S.W.2d 176, 176–77 (Tex. 1995) (per curiam)). Here, Ryland's motion for judgment notwithstanding the verdict was filed on May 25, 2010, before final judgment was entered. Furthermore, the trial court expressly denied the motion for judgment notwithstanding the verdict on the same day it entered final judgment.

The trial court signed the final judgment on June 14, 2010, and no post-judgment motions were filed. Therefore, the deadline for filing a notice of appeal was July 14, 2010. *See* TEX.R.APP. P. 26.1 (providing that notice of appeal must be signed within 30 days after judgment is signed). Ryland filed its notice of appeal on August 18, 2010—65 days after the final judgment was signed. Thus, Ryland failed to timely perfect its appeal. *See* TEX.R.APP. P. 25.1, 26.1.

Accordingly, Weatherspoon's motion to dismiss is **granted,** and the appeal is **dismissed.** TEX.R.APP. P. 42.3(a). Any pending motions are dismissed as moot.