# IN THE SUPREME COURT OF TEXAS

No. 07-1011

KEITH LOWELL, ET AL., PETITIONERS,

v.

CITY OF BAYTOWN, TEXAS, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

**PER CURIAM**

Petitioners are firefighters for the City of Baytown. They sued the City, claiming that it improperly calculated pay for certain assignments in violation of the Firefighter and Police Civil Services Act. The firefighters sought declaratory and injunctive relief, as well as "all pay and benefits lost as a result of Defendant's failure to properly pay Plaintiffs during temporary assignment of higher-classified duties." The firefighters also requested prejudgment interest on back pay, attorney's fees, costs, and postjudgment interest. The City filed a jurisdictional plea asserting governmental immunity, which the trial court granted.

The court of appeals affirmed the trial court's judgment as to the firefighters' back pay claims, holding that *City of Houston v. Williams*, 216 S.W.3d 827 (Tex. 2007)(per curiam), and *City of Sweetwater v. Waddell*, 218 S.W.3d 80 (Tex. 2007)(per curiam),[1] "foreclose any award of money

---

[1] In *Waddell*, firefighters sued the City of Sweetwater for failure to promote and failure to pay each firefighter the same base salary as required by statute. *City of Sweetwater v. Waddell*, 218 S.W.3d 80, 80 (Tex. 2007)(per curiam). The firefighters sought a declaration that the City's actions were unlawful, an order that one firefighter be promoted,

damages under the Civil Service Act unless the Legislature gives to firefighters and police officers, for whose benefit this act was passed, permission to sue." 264 S.W.3d 31, 36.

In *Williams*, we held that retired firefighters could not pursue a declaratory judgment action against the City to recover amounts allegedly withheld from lump-sum termination payments in violation of the Local Government Code. *Williams*, 216 S.W.3d at 828. We applied the rule set out in *Texas Natural Resource Conservation Commission v. IT-Davy*, 74 S.W.3d 849, 856 (Tex. 2002), that the Declaratory Judgment Act cannot be used to circumvent immunity. *Id*. at 829. We noted that "[t]he only injury the retired firefighters allege has already occurred, leaving them with only one plausible remedy–an award of money damages." *Id*.

More recently, in *City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009), we dismissed claims for retrospective relief for pension payments alleged to have been reduced in violation of state law. We made clear that while "a claimant who successfully proves an *ultra vires* claim is entitled to prospective injunctive relief, as measured from the date of injunction," retrospective monetary remedies are generally barred by governmental immunity. *Heinrich*, 284 S.W.3d at 376. Even if a suit seeking to require state officers to comply with statutory provisions may be brought, its remedy may implicate immunity. *See id.* at 374 (noting the "curious situation" that "the basis for the *ultra vires* rule is that a government official is not following the law, so that immunity is not implicated, but because the suit is, for all practical purposes, against the state, its remedies must be limited"). Recognizing that drawing the line for permissible remedies at monetary

---

attorney's fees, costs, and monetary damages. *Id*. *Waddell* does not address whether a back pay award is barred by governmental immunity. The trial court dismissed on the basis of governmental immunity. The court of appeals reversed, holding that the City's immunity from suit was waived by a "sue and be sued" clause in its charter. *Id*. at 81. We reversed based on *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006). *Id*.

relief is "problematic," we concluded that a "compromise between prospective and retroactive relief, while imperfect, best balances the government's immunity with the public's right to redress in cases involving *ultra vires* actions." *Id*. at 374–75. Applying this rule, we dismissed Heinrich's retrospective claims for pension benefits allegedly withheld in violation of the statute governing the pension fund. *Id*. at 380.

Here, the firefighters' claims for back pay and related damages for improper calculation of pay for assignments performed in the past are the type of retrospective relief that we held barred by governmental immunity in *Heinrich* and *Williams*. In *Heinrich* we noted, however, that the Legislature can authorize retrospective relief. The firefighters assert that the Legislature has done so with Local Government Code sections 271.151–.160, enacted during the pendency of this appeal.[2] The firefighters urge us to remand this case to the trial court so that they may replead in light of Chapter 271, as we have done in numerous, similar cases (including *Williams*). *See City of Dall. v. Albert*, ___ S.W.3d ___, ___ (Tex. 2011) (plaintiff firefighters and police officers sought declaratory relief and damages for breach of contract); *Williams*, 216 S.W.3d at 829; *see also City of Dall. v. Dequire*, 249 S.W.3d 428, 428–29 (Tex. 2008) (per curiam)(plaintiff police officers sought declaratory relief and damages for failure to promote); *Dall. Fire Fighters Ass'n v. City of Dall.*, 231 S.W.3d 388, 388–89 (Tex. 2007) (per curiam) (plaintiff firefighters sought declaratory relief, injunctive relief, damages, and attorney's fees for breach of contract and for violation of the city's charter and civil service board rules); *City of Dall. v. Saucedo-Falls*, 218 S.W.3d 79, 79–80 (Tex. 2007) (per curiam) (plaintiff police officers and firefighters sued for back pay, interest, attorney's

---

[2] The firefighters acknowledge that section 180.006 of the Local Government Code, which applies only to claims "initially asserted on or after the effective date [June 15, 2007] of this Act," Act of May 22, 2007, 80th Leg., R.S., ch 1200, § 3, 2007 Tex. Gen. Laws 4071, 4072, is inapplicable here.

fees, and alternatively for declaratory relief). We agree with the firefighters that a remand is appropriate here.

The court of appeals also reversed the trial court's judgment dismissing the firefighters' claims for prospective declaratory and injunctive relief, holding that such claims did not implicate governmental immunity. Although the court of appeals correctly concluded that immunity does not preclude certain prospective claims, we recently held that such actions must be brought against the relevant government officials, rather than the governmental entity itself. *See Heinrich*, 284 S.W.3d at 373 (observing that "these suits cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity. This is true even though the suit is, for all practical purposes, against the state."). Here, the firefighters named the City rather than city officials in their official capacity as *Heinrich* requires, but their pleading predated *Heinrich*. In addition to remanding to permit the firefighters to replead in light of chapter 271, our remand will also permit the firefighters to replead in light of *Heinrich* and seek appropriate relief, if any, against the relevant city officials.

Accordingly, we grant the firefighters' petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the case to the trial court for further proceedings consistent with this opinion. TEX. R. APP. P. 59.1, 60.2(d).

OPINION DELIVERED: December 16, 2011

4