

# Fourth Court of Appeals
## San Antonio, Texas

March 10, 2015

No. 04-15-00006-CV

Robert **TYSON**, Carl and Kathy Taylor, Linda and Ron Tetrick, Jim and Nancy Wescott, and Paul and Ruthe Wilson,
Appellants

v.

Robert N. **FREEMAN** II,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CV-13-0200356
Honorable M. Rex Emerson, Judge Presiding

## O R D E R

Sitting:      Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

The clerk's record of the underlying trial court cause number (CV-13-0000356) reflects that Appellants Robert Tyson, Carl and Kathy Taylor, Linda and Ron Tetrick, Jim and Nancy Wescott, and Paul and Ruthe Nilson sued Demar Boren, Lorena Yeates, Robert N. Freeman II, individually and as principal of Medina Livestock Sales Company, Ltd. Robert N. Freeman II moved for summary judgment. Lorena Yeates and Demar Boren also moved for summary judgment.

On August 29, 2014, the trial court granted summary judgment in favor of Robert Freeman II, ordering that appellants take nothing by their suit against him. Also on August 29, 2014, the trial court granted summary judgment in favor of Lorena Yeates and Demar Boren, dismissing all of appellants' claims against them with prejudice. On September 15, 2014, appellants filed a motion for rehearing with respect to both summary judgments.

On September 18, 2014, Freeman moved for severance, requesting that the trial court sever all of appellants' claims against him and assign a separate cause number so that the summary judgment could become a final order. On September 19, 2014, Yeates and Boren also

requested the trial court sever appellants' claims against them from the underlying cause and assign a new cause number so that the summary judgment could become final.

On October 14, 2014, the trial court granted Yeates and Boren's motion for severance and ordered that all of appellants' claims against them were severed and assigned to Cause No. CV-13-0100356. On October 21, 2014, the trial court granted Freeman's motion for severance and ordered that all of appellants' claims against Freeman were severed from this action and assigned to Cause No. CV-13-0200356.

On November 14, 2014, appellants filed a notice of appeal in the original cause number, Cause No. CV-13-0000356. In their notice of appeal, appellants stated the following:

> On October 21, 2014, [the trial court] signed Orders Granting Severance of all individual defendants based upon a review of a previous Order granting Summary Judgment to the individual defendants and a denial of plaintiffs' motion for rehearing. Plaintiffs desire to appeal these Orders to the Fourth Court of Appeals in San Antonio, Texas.

Thus, in their notice of appeal, appellants state their desire to appeal *orders* granting severance of *all individual defendants* but only point to October 21, 2014 as the date of these orders. Additionally, instead of filing two separate notices of appeal in each of the newly-created severed causes of action, appellants filed one notice of appeal in the original cause of action (Trial Court Cause No. CV-13-0000356). Appellants have already on appeal filed their brief on the merits. In their brief, they complain of both orders of severance. It appears that appellants intend to appeal from (1) the trial court's granting of summary judgment and order of severance with respect to Yeates and Boren in Trial Court Cause No. CV-13-0100356; and (2) the trial court's granting of summary judgment and order of severance with respect to Freeman in Trial Court Cause No. CV-13-0200356. It also appears that despite filing their notice of appeal in the original Trial Court Cause No. CV-13-0000356, appellants do not intend to appeal from that cause number, as their claims with respect to Medina Livestock Sales Company, Ltd., along with counterclaims brought by the defendants, are still pending in the trial court under that cause number.

Appellee Boren has filed a motion to dismiss, arguing that appellants' notice of appeal was untimely filed with respect to the October 14, 2014 order and that the notice of appeal is defective. First, the notice of appeal was not untimely filed. Appellants filed a motion for rehearing attacking both summary judgment orders. Although the motion for rehearing was filed before the orders of severance were signed, in substance, the motion for rehearing assails the summary judgments granted by the trial court and should be considered a motion for new trial or a motion to modify the summary judgments. *See Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011). The Texas Supreme Court has emphasized that appellate courts should always "treat[] minor procedural mishaps with leniency, preserving the right to appeal" and "should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Id.* (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997)). Thus, the supreme court has held that prematurely filed motions for new trial, motions for jnov, and motions to modify that assail the judgment eventually signed trigger Texas Rule of Appellate Procedure 26.1(a)'s extension of the appellate timetables. *See id.* at 666-67. Therefore, the notice of appeal was timely filed.

Moreover, even if we did not treat appellants' motion for rehearing as a pleading that extends the appellate timetables, appellants' notice of appeal was filed with the fifteen-day grace period allowed by Texas Rule of Appellate Procedure 26.1. A motion for extension of time is

necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26).

Appellee Boren also argues that appellants' notice of appeal is defective under Texas Rule of Appellate Procedure 25.1 because it does not correctly refer to the October 14, 2014 order. And, Appellee Boren claims that the notice of appeal cannot be amended "to add an entirely different order from which the appeal is taken." We agree that the notice of appeal is defective because it did not accurately point to the dates of both orders (October 14, 2014 and October 21, 2014) from which appellants intended to appeal. However, it is also clear from the notice of appeal that appellants intended to appeal from *orders* of the trial court relating to severance of *all individual defendants* based on summary judgments being granted to the *individual defendants*. Thus, the notice of appeal states that appellants intended to appeal from more than one order relating to all the individual defendants and not just from the October 21, 2014 order, which only related to Freeman. Thus, we disagree that amending the notice of appeal to correct the defect would "add an entirely different order." We therefore DENY Appellee Boren's motion to dismiss.

While we deny Appellee Boren's motion to dismiss, we do note that appellants' notice of appeal is defective. We ORDER appellants to file amended notices of appeal. *See* TEX. R. APP. P. 25.1(g) (appellate court may allow appellant to file amended notice of appeal after the appellant's brief is filed). Because appellants intend to appeal from orders in separate severed trial court cause numbers, two different appeal numbers have been created. Appeal No. 04-14-00824-CV relates to Trial Court Cause No. CV-13-0100356 (the trial court's granting of summary judgment and October 14, 2014 order of severance with respect to Yeates and Boren). Appeal No. 04-15-00006-CV relates to Trial Court Cause No. CV-13-0200356 (the trial court's granting of summary judgment and October 21, 2014 order of severance with respect to Freeman). We ORDER appellants to file two separate notices of appeal – one in each appeal number relating to the proper underlying severed cause of action. Each amended notice of appeal in each respective appeal number must (1) identify the trial court and state the *case's trial court number and style* (i.e. appellants should state the proper severed cause number relating to the appeal at issue and not the original cause number); (2) state *the date of the judgment or order appealed from*; (3) state that appellants desire to appeal; (4) state the court to which the appeal is taken; and (5) state the name of each party filing the notice. *See* TEX. R. APP. P. 25.1(d). We ORDER appellants to file the amended notices of appeal on or before **March 20, 2015.** If appellants do not file the amended notices of appeal by the date ordered, this appeal will be dismissed. *See* TEX. R. APP. P. 42.3(a), (c).

Appellee Yeates has also filed a motion to dismiss, complaining that her name was not included in appellants' notice of appeal or their docketing statement. As noted previously, we treat minor procedural mishaps with leniency and preserve the right to appeal. *Ryland Enter.*, 355 S.W.3d at 665. We thus DENY her motion.

Appellants have filed a motion to consolidate Appeal Nos. 04-14-00824-CV and 04-15-00006-CV. Because we are of the opinion that, in the interest of efficient administration, these appeals should be consolidated for purposes of briefing and argument, we GRANT IN PART appellants' motion to consolidate. We ORDER Nos. 04-14-00824-CV and 04-15-00006-CV consolidated for purposes of briefing and argument on appeal. The parties must file motions, briefs, and other pleadings as if the appeals were one but put both appeal numbers in the style of the case. However, a record must be filed in each appeal, the record in each case will remain separate and, if supplementation of the record becomes necessary, the supplemental material

must be filed in the appeal to which it applies. The cases must be argued together in one brief, as in a single appeal, and if oral argument is requested and granted, the entire case must be argued as a single appeal, with the total time limit for each party equal to the ordinary time limit for a single appeal. The court will dispose of the appeals with the same judgment, opinion, and mandate. We note that these appeals <u>are consolidated only for the purposes of briefing and argument</u>. Thus, appellants must pay a filing fee in each appeal number.

With regard to the appellate record in this appeal, the reporter's record has been filed in Appeal No. 04-14-00824-CV. We DIRECT the Clerk of this Court to place a copy of the reporter's record in Appeal No. 04-15-00006-CV. With respect to the clerk's record, it is not yet complete. The clerk's record from the original cause number CV-13-0000356 was filed in Appeal No. 04-14-00824-CV. As two appeal numbers have been created, we DIRECT the Clerk of this Court to place a copy of the clerk's record from the original cause number CV-13-0000356 in Appeal No. 04-15-00006-CV.

The clerk's record from the severed causes of action have not been filed. In Appeal No. 04-14-00824-CV, we ORDER the trial court clerk to file on or before **March 30, 2015** a supplemental clerk's record relating to trial court cause number CV-13-0100356. In Appeal No. 04-15-00006-CV, we ORDER the trial court clerk to file on or before **March 30, 2015** a supplemental clerk's record relating to trial court cause number CV-13-0200356. After these supplemental clerk's records are filed, appellants may file an amended brief. Any such amended brief will be due thirty days after the trial court clerk files the supplemental clerk's records. Appellees' briefs will be due either (1) thirty days after appellants file an amended brief or (2) if appellants do not file an amended brief, sixty days after the filing of the supplemental clerk's records.

_____
Karen Angelini, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 10th day of March, 2015.

_____
Keith E. Hottle
Clerk of Court