

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-15-00040-CV
_____

## IN THE INTEREST OF O.A.P., A CHILD

_____

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2011-559,782, Honorable Leslie Hatch, Presiding

_____

## March 20, 2015

## ORDER ON MOTION FOR REHEARING

### Before QUINN, C.J. and CAMPBELL and HANCOCK, J.J.

Pending before the court is appellant's motion for rehearing. We dismissed the appeal for want of jurisdiction. The notice of appeal had been filed after the lapse of both the original due date and the 15-day extension contemplated by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (allowing the court to extend the time to file the notice of appeal if, within 15 days after the original deadline expires, the party files a notice of appeal and a motion to extend). Yet, appellant had timely moved to extend the deadline. That motion, according to appellant, purportedly evinced a *bona fide* attempt to invoke our jurisdiction. *See Southerland v. Wright*, No. 07-06-0147-CV, 2006 Tex. App. LEXIS 5241, at *2-3 (Tex. App.—Amarillo June 15, 2006, pet. denied)

(stating that "though a document purporting to be a notice may fail to satisfy all the elements of a proper notice . . . it may nonetheless be enough. All depends upon whether the instrument depicts a *bona fide* attempt to invoke an appellate court's jurisdiction").

That filing a timely, yet defective, document evincing an intent to appeal may effectively perfect an appeal is beyond doubt. Much depends on whether the instrument constitutes a *bona fide* attempt to invoke the appellate court's jurisdiction. *In the Interest of J.M.*, 396 S.W.3d 528, 530 (Tex. 2013). In *J.M.*, the appellant filed a document entitled motion for new trial, or "in the alternative, Notice of Appeal." *Id.* at 529. Our Supreme Court interpreted that instrument as sufficient to perfect the appeal because 1) nothing prevented an appellant from combining a motion for new trial and a notice of appeal in the same document, 2) the item "indicated that Spencer was attempting to invoke the appellate court's jurisdiction," 3) it stated that "Spencer 'wishe[d] to appeal this case to' the court of appeals," 4) "it was partly entitled a notice of appeal," and 5) "the notice of appeal portion addresses the appellate court." *Id.* at 530.

Unlike the situation in *J.M.*, the motion relied on by appellant at bar does not have in its title "notice of appeal." Yet, it is directed to the appellate court and invokes an aspect of our jurisdiction, that is, our authority to extend the deadline because "Appellant's counsel was under the misunderstanding the notice of appeal had to come after receipt of the findings of facts and conclusions of law . . . ." Accompanying that purported basis for needing an extension are statements that 1) "[a]fter the Supreme Court's decision in *Garcia v. Kastner Farm, Inc.,* an attorney's misunderstanding of the law can be a reasonable explanation" justifying an extension of the appellate deadline and 2) "[t]he undersigned attorney's failure to file the notice of appeal within the 90

2

days, was not deliberate or intentional, but was the result of mistake." Read together, the utterances evince an intent to prosecute an appeal. Indeed, a timely document seeking leave to file a late notice of appeal and explaining why the party failed to tender the requisite notice earlier cannot logically be interpreted in other way. Implicit within it is the notion that the party wants to prosecute an appeal. So, we interpret the timely filed motion for extension as the requisite *bona fide* effort contemplated by both *Southerland* and *J.M.*[1]

Admittedly, the situation before us pushes the borders of what constitutes a *bona fide* effort. Yet, the Supreme Court mandated both that the form of the document is not controlling, *In the Interest of J.M.*, 396 S.W.3d at 530, and that dismissal for a procedural defect should be avoided whenever any arguable interpretation of the appellate rules would preserve the appeal. *Ryland Enterprises, Inc. v. Weatherspoon* 355 S.W.3d 664, 665 (Tex. 2011); *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). We abide by those caveats here.

The motion for rehearing is granted. Our previous order dismissing the appeal for want of jurisdiction is vacated, and the appeal is reinstated on our docket. We further trust that counsel will become knowledgeable of and abide by the rules of appellate procedure to facilitate an efficient disposition of this appeal.

> Brian Quinn
> Chief Justice

---

[1] Appellee, Andrew Perez, cites us to *McCray v. Flores*, No. 09-03-076-CV, 2003 Tex. App. LEXIS 3551 (Tex. App.—Beaumont April 24, 2003, no pet.) (mem. op.) as authority holding that a motion to extend the deadline applicable to perfecting an appeal is not a *bona fide* effort to invoke our jurisdiction. Though the court so held in *McCray*, it did so because the movant apparently "asked for more time in which to decide whether to appeal." *Id.* at *3-4. The appellant at bar did more than simply ask for time to "decide whether to appeal." He indicated that he wanted to appeal but needed leave from the court to file his notice.