**DISSENT Opinion entered July 22, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-17-00566-CV**

**ERWIN CRUZ AND THE ERWIN A. CRUZ FAMILY LIMITED PARTNERSHIP, BOTH OF THEM INDIVIDUALLY AND ON BEHALF OF NORTH DALLAS MEDICAL IMAGING, LP, PLANO AMI, LP, AND GHANI MEDICAL INVESTMENTS, INC., Appellants**

**V.**

**MEHRDAD GHANI, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-16274**

## DISSENTING OPINION ON MOTION FOR EN BANC RECONSIDERATION

Before the En Banc Court
Dissenting Opinion by Justice Whitehill

Texas Rule of Appellate Procedure 49 is an equal opportunity rule. No more, no less. It treats motions for panel rehearing and en banc reconsideration as equals, and it guarantees every party at least one opportunity to file a panel motion, an en banc motion, or both. It even gives a party who goes from the prevailing party on appeal to the losing party at least one chance to correct that result.

The majority and concurring opinions, however, ignore plain text and deploy faulty logic to elevate en banc motions to favored status notwithstanding the unambiguous rule that en banc consideration of a case is not favored. TEX. R. APP. P. 41.2(c).

As a starting point, the majority and concurring opinions do not dispute that appellants' January 23rd en banc reconsideration motion would be untimely and beyond our power to resolve on its merits if it were instead merely another panel rehearing motion. So the case turns on whether appellants' attempted third bite at the apple is timely and thus permitted because this time it is an en banc reconsideration motion? The answer is no.

The answer is "no" because timeliness here turns on current rule 49's plain text requirement that subsequent panel and en banc motions may be filed within fifteen days after a revised court of appeals judgment or opinion—not on whether we still had plenary power over the case under rule 19 when the en banc motion was filed.

Rather if, as occurred here, we do not change our judgment or opinion, there is no additional opportunity for a party to file a motion for panel rehearing or en banc reconsideration. Stated differently, the rules treat panel rehearing and en banc reconsideration motions equally in this regard and give a party only one guaranteed opportunity to file either or both of those motions unless we change our judgment or opinion.

Because the second panel rehearing motion in this case produced neither change, appellants were not permitted to file a subsequent en banc motion. Since appellants' en banc motion wasn't "permitted," it was not timely. Thus, it did not extend our plenary power under rule 19.1(b), and we lost plenary power at the end of February 7th.

So why is it important to get these rules correct in this case where the majority opinion denies the en banc motion on its merits? There are at least these reasons:

- The issue raises a question of plenary power, which is to say jurisdiction. Jurisdiction defines our very power to act, and we must not exercise jurisdiction we do not possess.

- We should interpret the rules correctly, no matter how small the practical effects of an incorrect interpretation may appear to be.

- Sometimes, the difference is not small because it might affect a losing party's ability to timely file a petition for review.

- The majority opinion also permits parties to burden us with untimely en banc motions, in turn increasing the appellate process's length and cost. Specifically, when we render judgment and release an accompanying opinion, the parties know everything they need to know about whether to file an en banc motion. That is, by reading our opinion they know whether en banc consideration is "necessary to secure or maintain uniformity of the court's decisions or [whether] extraordinary circumstances require en banc consideration." TEX. R. APP. P. 41.2(c). On the other hand, the majority opinion permits and arguably encourages parties to wait and see if they like the panel's decision concerning a prior panel rehearing motion before seeking en banc reconsideration.

Accordingly, I dissent.

## I.  ANALYSIS

### A.  When does our plenary power expire if a timely panel or en banc motion is filed?

This answer is easy:

30 days after the court overrules all *timely filed* motions for rehearing or en banc reconsideration, and all timely filed motions to extend time to file such a motion.

TEX. R. APP. P. 19.1(b) (emphasis added).  In this case there is no question that we denied timely motions for rehearing on January 8, 2019, without changing our judgment or opinion. Consequently, our plenary power ended February 7th unless appellants' January 23rd en banc motion was timely and thereby extended our plenary power period.

Whether we have plenary power post-February 7th to do anything but deny appellants' motion without reaching its merits depends on whether appellants' January 23rd en banc motion

–3–

was timely. Answering this question requires an analysis of current rule 49.7, which governs motions for en banc reconsideration.

**B.      What does rule 49.7 say?**

The starting point is rule 49.7's text, which addresses several matters applicable to motions for en banc reconsideration:

> A party may file a motion for en banc reconsideration as a separate motion, with or without filing a motion for rehearing.
>
> The motion must be filed within 15 days after the court of appeals' judgment or order, or when permitted, within 15 days after the court of appeals' denial of the party's last timely filed motion for rehearing or en banc reconsideration.
>
> While the court has plenary power, a majority of the en banc court may, with or without a motion, order en banc reconsideration of a panel's decision.
>
> If a majority orders reconsideration, the panel's judgment or order does not become final, and the case will be resubmitted to the court for en banc review and disposition.

TEX. R. APP. P. 49.7 (The rule is written as a single paragraph, but this quote separates the paragraph's constituent sentences for easier understanding.)

The first, third, and fourth sentences do not address the timeliness issue, which is the second sentence's chore. Specifically, the first sentence merely says that en banc motions can be filed together with panel motions or as stand-alone motions. The third sentence provides that—regardless of whether a party files a timely en banc motion—a majority of the whole court can sua sponte order en banc reconsideration at any time while it still possesses plenary power over the appeal. Finally, if we have ordered en banc reconsideration with or without a party's timely motion, the fourth sentence extends our plenary power until we decide the case. Because the timeliness of appellants' en banc motion is the issue here, we focus on the second sentence.

–4–

**C.**     **What does rule 49.7's second sentence mean?**

    **1.**     **Seeing the Forest for the Trees**

This case's three opinions debate one issue:  Did our January 8th order denying appellants' second panel motion trigger a right for appellants to file their first en banc motion?

Fundamental to this issue is understanding that there are only two types of rights to file en banc motions:  There is a guaranteed right, which the first part of rule 49.7's second sentence addresses.  And there is a contingent, when permitted right that the second part of the sentence concerns.

A party's right to file an en banc motion must fall into one of those two buckets.  That being so, the question becomes:  What are the triggering events for each bucket?  Stated differently, what events trigger a guaranteed right to file an en banc motion and what events trigger a contingent, when permitted right to file an en banc motion?  Rule 49's unambiguous text defines those triggering events for both buckets.

Question:  Do the facts establish a triggering event for appellants' January 23rd en banc motion?  They don't.

    **2.**     **Background Context for Interpreting Rule 49.7's Second Sentence**

Before diving into the specifics of what rule 49.7's second sentence means, it helps to put that sentence in context with its panel rehearing analogs.  *See Worsdale v. City of Killeen*, No. 18-0329, 2019 WL 2479177, at *9 (Tex. June 14, 2019) ("As we have so often said, text cannot be divorced from context.") (footnote omitted).

There are two such rules.  The first is 49.1, which gives a party complaining about a court of appeals' first judgment or order the right to file a rehearing motion within fifteen days after that judgment or order is rendered.  TEX. R. APP. P. 49.1.  That is, the court of appeals' first judgment or dispositive order triggers rule 49.1's guaranteed right to file a panel rehearing motion.

The second is 49.5 concerning further motions for rehearing. That rule permits a party to file a panel rehearing motion within fifteen days after a court of appeals decides a prior rehearing motion if the court of appeals consequently changes its prior judgment or opinion:

> After a motion for rehearing is decided, a further motion for rehearing may be filed within 15 days of the court's action if the court: (a) modifies its judgment; (b) vacates its judgment and renders a new judgment; or (c) issues a different opinion.

*Id*. 49.5. Thus, it is a new court of appeals judgment or opinion resulting from a prior panel rehearing motion that triggers a contingent, when permitted right to file a further panel rehearing motion. Stated differently, having filed a prior panel rehearing motion, a party is not permitted to file a further panel motion unless one of rule 49.5's triggering events occurred.

When combined, these rules require a party complaining about a court of appeals' judgment or order to assert all such complaints in a timely first rehearing motion or risk waiving those complaints unless the appellate court makes some change in its judgment or opinion. This is a take-it-or-waive-it rule that promotes finality by preventing serial rehearing motions if the court of appeals stands pat.

**3.     How do rules 49.1 and 49.5 relate to rule 49.7's second sentence timing rules?**

Rule 49.7's second sentence addresses the timing requirements for filing en banc motions by combining in a single sentence the panel rehearing rules 49.1 and 49.5 and applying them to en banc motions as well.

To begin, like rule 49.1, the first part of rule 49.7's second sentence provides that "[t]he [en banc] motion must be filed within 15 days after the court of appeals' judgment or order."[1] Thus, like a panel motion following an initial court of appeals judgment or order, a party

---

[1] No one argues that "order" in rule 49.1 or the first half of rule 49.7's second sentence includes orders denying motions for rehearing. In context, "order" must mean a case-dispositive order akin to a judgment. For example, we resolve mandamus proceedings with orders, not judgments.

complaining about a court of appeals' initial judgment or order has fifteen days to file an en banc motion addressing that judgment or order. No permission is required to file this en banc motion. That is, the right to file this en banc motion is guaranteed. So, what does the sentence's second part do?

The sentence's second part concerns when a party may file an en banc motion after that party has already filed a panel or en banc motion. How do we know that? Simply because it exists, the second part means that it addresses something other than what the sentence's first part addresses.

Similarly, by saying "when permitted," the second part necessarily means that, unlike the guaranteed right to file en banc motions that the sentence's first part provides for, there is no right to file the different or further en banc motions that the sentence's second part contemplates unless some contingency is met that permits the further en banc motion to be filed.

Thus, the only logical conclusions are that (i) the sentence's second part refers to en banc motions other than en banc motions addressing a court of appeals' initial judgment or order and (ii) a party's right to file these different en banc motions is contingent on being only when permitted. So, when are these other en banc motions permitted?

Because rule 49.7's second sentence does not itself directly specify the contingencies under which the further en banc motions are permitted, we must look elsewhere for those conditions. Elsewhere in rule 49—entitled "Motion for Rehearing and En Banc Reconsideration"—is the logical place to look. Rule 49.5 is the logical place to look because it explains when further motions for rehearing are permitted. Accordingly, reading rule 49 as a whole and applying standard rules of construction compels only one conclusion: Rule 49.5's conditions to filing further

motions for rehearing apply equally to both panel and en banc motions filed after a court of appeals decides a prior such motion following the court's initial judgment or order.

### 4. How does rule 49.7 apply to this case?

In the present case, appellants knew our initial opinion's and judgment's content when we rendered them. Armed with that knowledge, appellants chose to then file only a motion for panel rehearing. They did so even though rule 49.7 gave them a guaranteed right to also or alternatively file an en banc reconsideration motion. But they did not do that. Nor did they file a permitted en banc motion following our second opinion in this case. They instead chose to wait to file their en banc motion until after we decided their second panel motion without making any changes to the judgment or our opinion. However, because we did not change our second opinion or our judgment in any way, the rules do not permit this further en banc motion. Consequently, appellants' en banc motion was untimely and did not extend our plenary power under rule 19.1(b).

### D. How does *City of San Antonio v. Hartman* affect the analysis?

Not at all, except as a historical footnote based on an outdated, inapplicable version of rule 49.7.

The majority opinion relies on *City of San Antonio v. Hartman*, 201 S.W.3d 667 (Tex. 2006), to support its application of rule 49.7's "when permitted" language although the supreme court decided that case before it amended rule 49.7 to add that rule's second sentence—apparently in response to *Hartman* itself.

*Hartman* concerned whether an en banc rehearing motion filed after the deadline to file a panel rehearing motion but during the court of appeals' plenary power period was timely filed for purposes of calculating the party's petition for review deadline. Based on the then-existing rule 49.7—which contained no deadline for en banc motions—the supreme court held that the en banc motion was timely. *Id*. at 671.

In 2006 when the supreme court decided *Hartman*, rule 49.7, captioned "En Banc Reconsideration," said in its entirety:

> While the court of appeals has plenary jurisdiction, a majority of the en banc court may, with or without a motion, order en banc reconsideration of a panel's decision. If a majority orders reconsideration, the panel's judgment or order does not become final, and the case will be resubmitted to the court for en banc review and disposition.

Tex. R. App. P. 49.7, *Texas Rules of Court: State* (West 2006).

There is no substantive difference between the complete 2006 rule 49.7 and the last two sentences of the current rule 49.7 applicable to this case. Instead, the substantive difference is that the supreme court in 2008 amended the rule to add its current first two sentences.

Noticeably, the 2006 rule contained no separate time deadlines for filing en banc motions. Yet in *Hartman* the supreme court had to decide whether an en banc "rehearing" motion filed after the deadline for filing a panel rehearing motion but while the court of appeals still retained plenary power under which it could sua sponte order reconsideration was timely and therefore extended the petitioner's deadline to file a supreme court petition for review. That scenario required the supreme court to ad hoc declare—without the benefit of a rule governing the subject—the deadline for filing en banc motions. In that context, the court reasoned that, if the court of appeals could sua sponte order en banc consideration during its plenary power period with or without a pending motion requesting en banc review, then a party could seek en banc reconsideration within that same time frame. *Hartman*, 201 S.W.3d at 671.

Although the supreme court decided *Hartman* in 2006, that court—the same justices who decided *Hartman*, as the majority opinion points out—two years later (a blink of the eye in court rules promulgation time) amended the rule to add its current first two sentences.

As explained in section I(C) above, the second sentence added the current time deadlines for filing en banc motions that did not exist merely two years before when that court decided

*Hartman*.  Apparently, the supreme court wanted a different result than *Hartman* provided regarding the en banc motion filing deadlines.  Otherwise, there was no reason to add the second sentence, and the supreme court would have left well-enough and *Hartman* alone.

*Hartman* predates the 2008 amendment to rule 49.7 and, thus, does not possibly address the proper interpretation of the second sentence of rule 49.7.  *See id*. at 670.  *Hartman*, however, does state that a motion for en banc reconsideration is equivalent to a motion for rehearing for some purposes.  *Id*.  *Hartman* therefore supports the conclusion that rule 49.5 covers both kinds of motions.

*Hartman* is not a complete anachronism.  As *Hartman* states, under rule 49.7's current third sentence, courts of appeals still have the power to sua sponte order en banc reconsideration if they do so during their plenary power period prescribed in rules 19.1.  But that does not mean that parties enjoy the same opportunity that courts of appeals enjoy.

Moreover, *Hartman* is still instructive to the extent it says that the words rehearing and reconsideration are interchangeable in rule 49.  Indeed, the supreme court's 2008 amendments adding rule 49.7's second sentence accomplishes precisely that by mandating that the same filing deadlines apply to both types of motions.

Nonetheless, the majority opinion suggests that rule amendments do not affect rules established in prior cases unless the supreme court expressly says so in the accompanying comments.  But no authority supports that premise, and the majority's suggestion is counterintuitive.  Amending the rules takes a lot of time and effort, so the natural presumption should be that an amendment addresses and attempts to remedy some perceived problem—that is to say, affects existing law somehow.

Furthermore, if a subsequent rule amendment establishes a rule contrary to a prior case law developed rule, the case law rule becomes obsolete going forward, regardless of whether those cases are mentioned in the amendment's comments. To conclude otherwise would render the amendment and the effort behind it worthless nullities done for pure amusement and nothing else.[2] That would be an absurd result, which we avoid if possible. *See Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 426–27 (Tex. App.—Dallas 2019, pet. denied).

Finally, the majority opinion posits:

> Although the first two sentences of current rule 49.7 were added post-*Hartman*, those sentences do nothing to proscribe rule 19.1's plenary power and do nothing to restrict rule 49.7's original two sentences allowing courts of appeals to order en banc reconsideration "with or without a motion." *See* TEX. R. APP. P. 49.7. We note that the 2008 changes did not insert a timeliness requirement in rule 49.7's plenary power sentence. *See id*.; *see also Kunstoplast*, 937 S.W.2d at 456 ("It is our policy to construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule."). *Hartman* is good law.

(Footnote omitted). There are at least three errors in that paragraph:

First, there was no reason for the 2008 amendments to rule 49 to mention rule 19.1. Rule 19.1's plenary power rules run in the background and apply today the same as they did in 2006: A timely en banc (or panel) motion automatically in 2006 extended—and today extends—the court of appeals' plenary power period as long as needed to decide the motion. The difference that the 2008 amendment adding the second sentence made to the process was to reduce from thirty days to fifteen days the time period in which a party could file an en banc motion that thereby extends

---

[2] Although reading the supreme court's official comment to the 2008 rule 49 amendment, which added the "when permitted" language to rule 49.7, is unnecessary to understand the rule's unambiguous meaning (and this opinion does not rely on the comment for that purpose), it is interesting to observe that the comment comports with this analysis of rule 49.7's second sentence: "Rule 49 is revised to treat a motion for en banc reconsideration as a motion for rehearing and to include procedures governing the filing of a motion for en banc reconsideration." TEX. R. APP. P. 47 cmt. (2008). The comment notes that readers are to treat motions for en banc reconsideration as motions for rehearing. Thus, the comment reinforces the rule's text proscription that, unless filed in response to a court of appeals' first judgment or dispositive order, other en banc motions are "permitted" only if the conditions set forth in rule 49.5 are met. The supreme court order adopting the 2008 amendments provided, "The comments appended to these amended rules are intended to inform the construction and application of the rules." http://www.txcourts.gov/All_Archived_Documents/SupremeCourt/AdministrativeOrders/miscdocket/08/08911500.pdf.

–11–

the court of appeals' plenary power to decide that motion. However, although not relied on to inform this dissenting opinion's analysis, it is interesting to observe that the 2008 amendments changed rule 19.1 "consistent with other changes in the rules, to specifically address a motion for reconsideration and treat it as a motion for rehearing." TEX. R. APP. P. 19.1 cmt. (2008); *see also* footnote 2 *supra*.

Second, the statement that current rule 49.7's first two sentences "do nothing to restrict rule 49.7's original two sentences allowing courts of appeals to order en banc reconsideration 'with or without a motion'" proves nothing. Current rule 49.7's first two sentences deal with parties' motions and say nothing about a court of appeals' sua sponte ability to order en banc reconsideration. These are separate concepts. Because they do not concern a court of appeals' sua sponte power, there is no reason why the first two sentences would restrict a court of appeals' ability to sua sponte order en banc reconsideration.

Third, the statement that "the 2008 changes did not insert a timeliness requirement *in rule 49.7's plenary power sentence*" (emphasis added) similarly proves nothing. That statement apparently refers to rule 49.7's current third sentence. But it was the amended rule's new second sentence that added a new, reduced timeliness requirement for party en banc motions, which extend a court of appeals' plenary power duration. Because the amendments did not change the timing rule for court sua sponte ordered reconsideration, there was no reason to alter the new rule 49.7's third sentence.

E.      **How does rule 49.11 affect this analysis?**

Not at all in a way that affects this case.

The majority opinion conjures strained premises that (i) rule 49.7's "when permitted" phrase refers to rule 49.11 and (ii) that rule 49.11 is the only clear referent for the phrase "that party's" in rule 49.7's second sentence. As to the first premise, it is correct that rule 49.11

prescribes a further limit—instead of an expansion—on when an en banc motion is "permitted." The second premise is wrong.

Regarding the first premise, rule 49.11 addresses in several ways the relationship and timing between a party's panel or en banc motions and petition for supreme court review. One way it addresses that relationship is to further limit a party's ability to seek panel or en banc relief in one specific situation: A party that files a petition for review forfeits its right to later seek panel or en banc relief in the court of appeals unless the court of appeals thereafter changes its opinion or judgment.[3] Thus, if a party first files a petition for review and then later files an en banc motion in the court of appeals, the en banc motion is not "permitted," is not timely under rule 49.7, and does not extend the court of appeals' plenary power under rule 19.1(b).

It is illogical to suggest that rule 49.11, which imposes a further limit on when a party may file a panel or en banc motion, somehow expands a party's right to file en banc motions. It is also illogical to read rule 49.11 to favor en banc motions in this way when another rule plainly states that en banc consideration is disfavored. *See* TEX. R. APP. P. 41.2(c).

As to the second premise, contrary to the majority opinion, rule 49.11 is not the only clear referent for "the party's" in rule 49.7's second sentence. Rather, the clear referent is in rule 49.7's first sentence:

> ***A party*** may file a motion for en banc reconsideration as a separate motion, with or without filing a motion for rehearing. The motion must be filed within 15 days after the court of appeals' judgment or order, or when permitted, within 15 days after the court of appeals' denial of ***the party's*** last timely filed motion for rehearing or en banc reconsideration.

TEX. R. APP. P. 49.7 (emphases added). Thus, "the party's" in the second sentence simply refers to the party that desires to file an en banc motion. If that party previously and timely filed a panel

---

[3] However, the filing party's petition for review does not affect other parties' rights to file their otherwise timely panel or en banc motions. TEX. R. APP. R. 49.11.

or en banc motion, and the court of appeals denies that motion, then the party has fifteen days to file a new en banc motion if that motion is "permitted." Again, rule 49.5 defines when such a motion is "permitted," subject to rule 49.11's further limitation that a party cannot file a petition for review and then seek panel or en banc relief in the court of appeals.

Although the majority opinion is not entirely clear, it suggests that a party may always file an en banc motion within fifteen days after its last timely panel or en banc motion is decided—regardless of whether the court changes its judgment or opinion, unless, per rule 49.11, that party has previously filed a petition for review. This reading is untenable because it makes rule 49.7's "when permitted" phrase superfluous and permits infinite seriatim en banc motions.

Instead, rule 49.11 establishes an exception to any rule permitting a panel or en banc motion—regardless of rule 49.1, 49.5, and 49.7, a party may not file a panel or en banc motion after that party has filed a petition for review. Indeed, rules 49.1 and 49.5 do not say "when permitted" or otherwise acknowledge rule 49.11's limitation, but undoubtedly rule 49.11's limitation applies to panel rehearing motions. Thus, the majority opinion's interpretation makes rule 49.7's phrase "when permitted" unnecessary and superfluous. By reading rule 49.7 to apply rule 49.5 to en banc motions, the correct interpretation gives meaning to all of these provisions. *See Spence v. Fenchler*, 180 S.W. 597, 601 (Tex. 1915) (statute should be read to make no part superfluous "when possible to do so").

Finally, the rule that a party cannot file a petition for review and then seek further court of appeals consideration pre-dates the 2008 amendments. The 2008 amendments simply (i) moved those provisions from rule 53.7(b) to new rule 49.11 and (ii) added specific references to en banc motions alongside the existing references to motions for rehearing.

–14–

**F.   How does rule 49.7 apply if a party wishes to file an en banc motion after that party gets no relief after a panel motion?**

The same as it applies if a further panel motion follows a prior panel motion or a further en banc motion follows a prior en banc motion.

The concurring opinion hints at an interpretation of "when permitted" that arguably permits a party whose panel rehearing motion achieved no change in a court of appeals judgment or opinion to file a first en banc motion anyway.  However, the concurring opinion suffers several deficits.

First, although the concurring opinion promises to deliver an arguable alternative reading of "when permitted," it does not deliver any such argument based on rule 49's actual text.  Nor can it.  No appellate rule affirmatively permits a party to file any form of rehearing motion if the court denies a timely rehearing motion without changing its judgment or opinion.

Second, the concurring opinion urges that:

> A motion for en banc reconsideration filed for the first time after the denial of a motion for panel rehearing would be considered an initial motion for en banc reconsideration—and not a "further motion for rehearing"—that would be permitted to be filed within fifteen days after the court of appeals' denial of the party's last timely filed motion for rehearing.  This arguable interpretation would not conflict with the comments to Rules 49.5 and 49.7 either, as those comments require us to treat a motion for en banc reconsideration as a motion for rehearing, but not to treat the motions as interchangeable.

A defect in this premise is that this interpretation conflicts with the first part of rule 49.7's second sentence, which provides the only events that trigger a dissatisfied party's guaranteed right to file a first en banc motion.  An unsuccessful panel motion is not included among the short list of events triggering that guaranteed right.  Rather, the concurring opinion's argument would by judicial fiat expand the short list of those triggering events to include a prior panel motion that produces no change in the court of appeals' judgment or opinion.  Although the supreme court can do that sort of thing, we are not the supreme court and we do not have that supreme power.  Instead, our power

–15–

is limited to following the rules the supreme court writes according to the words the supreme court uses.

Third, the concurrence takes an extraordinarily narrow view of how to construe text, one that is limited to reading only two words in one sentence and ignoring the rest of the text. The concurrence takes that microscopic view notwithstanding its apparent agreement that this dissent's interpretation is correct if one expands the analysis to the full rule 49 text.

Fourth, the concurrence adopts its microscopic view in support of the laudable and preferred goal of deciding appeals on the merits, if the rules permit. But laudable goals do not displace unambiguous text—especially where, as explained in part I(G) below, the text actually serves those laudable goals.

Finally, the concurring opinion appears to approach the issue backwards. It begins with an effort to shoehorn the present case into the limited *Verburgt v. Dorner* exception and searches for a way to do that. It begins that journey by mentioning *Verburgt* and discussing its facts and holding. But as quickly as *Verburgt* appears in that opinion it disappears never to be heard from again, with no explanation how it might apply to the case at bar. Presumably, that disappearance is because, as the following part I(G) shows, *Verburgt* and its underlying rationale do not apply in this context.

## G.     Does *Verburgt v. Dorner* alter the analysis in this case?

The majority and concurring opinions rely on *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997), to argue that the supreme court requires a different rule for en banc motions that follow unsuccessful panel motions from the rule that applies to (i) further panel motions that follow unsuccessful panel motions and (ii) further en banc motions that follow unsuccessful en banc motions. But *Verburgt* requires no such disparate treatment in this type of situation because the disappointed party wishing for a further apple bite with a subsequent en banc motion already had

–16–

a full and fair opportunity to present its full issues and arguments to the court of appeals and chose not to do so.

To begin, *Verburgt* presents a situation where the would-be appellant lost any hope of ever having his appeal's merits being heard by the court of appeals because he did not realize that he needed to also file a motion to extend his time to file his tardy appeal bond. *See* 959 S.W.2d 616–17. Sympathy for Verburgt's plight and a desire to ensure him at least one chance to have his arguments heard on appeal drove the supreme court to create an implied motion for leave to file an untimely appeal bond if that tardy bond was filed during the fifteen day grace period following its due date. *See id.*[4]

But by deduction *Verburgt*'s rationale and grace-laden result do not apply where the appellant (i) presented appellate arguments and lost and (ii) squandered two opportunities to present additional arguments in a contemporaneous en banc motion despite full knowledge that those same arguments were already available. As discussed earlier, an appellant knows by reading a court of appeals opinion whether that opinion conflicts with prior opinions from that court or presents extraordinary circumstances warranting en banc consideration. *See* TEX. R. APP. P. 41.2(c). Armed with that knowledge, the appellant has a full and fair opportunity to then invoke the court of appeals' en banc jurisdiction to address and decide those issues, without any need to wait and see how the panel resolves them.

Indeed, in addition to whatever a party chooses to include in its pre-decision briefs, rule 49.7 allows a party to urge all the arguments it wants in (i) any panel or en banc motion filed in response to a court of appeals' first judgment and opinion and (ii) any panel or en banc motion

---

[4] The concurrence also relies on *Ryland Enterprise, Inc. v. Weatherspoon*, in which the supreme court held that a pre-judgment motion for JNOV that also requested a new trial worked to extend the appellate deadlines, thus making the appellant's notice of appeal timely. 355 S.W.3d 664, 665–67 (Tex. 2011) (per curiam). *Ryland* is even less compelling here than *Verburgt* in that the rules actually supported Ryland's argument that its notice of appeal was timely. Rule 49, by contrast, does not support appellants' argument here.

–17–

filed after a subsequent court of appeals decision that in any way alters that court's preceding judgment or opinion. Rule 49.7's second sentence can hardly be said to deny any party an effective ability to present all the appellate issues and arguments it desires.

To illustrate this point, here, unlike in *Verburgt*, appellants had a full and fair opportunity to argue in this Court (as their en banc motion argues) that this case should be controlled by our *CBIF Limited Partnership v. TGI Friday's Inc.*, No. 05-15-00157-CV, 2017 WL 1455407 (Tex. App.—Dallas Apr. 21, 2017, pet. denied) (mem. op.) opinion. Indeed, not only did appellants actually make that argument in their panel opening and reply briefs, but they had the opportunity to make that same argument in their first panel rehearing motion and chose not to do so. Appellants also had the opportunity to make the same argument in a timely en banc motion submitted after either of our first two panel merits opinions but again chose not to do that either. So it is hard to say that applying the rules as written somehow deprived appellants of an opportunity to present us with the same argument that this Court today rejects on its merits. And it is similarly hard to say that applying rule 49.7 as written would deprive any other disappointed party an opportunity to present any argument it wants to an en banc court.

**H.    How does rule 49 work if in response to a party's panel or en banc motion the court of appeals reverses course and releases a new opinion and judgment that flips the result and creates a new losing party?**

Rule 49 permits the new losing party to file its first panel or en banc motion in response to a new judgment and opinion following another party's panel or en banc motion.

Assume that a court of appeals' initial opinion and judgment declares the appellee the winner. Typically, the appellee will leave well enough alone and not file a panel or en banc motion. But assume further that the appellant files a panel or en banc motion that prompts the court to flip the result and the appellee then wants to file its first panel or en banc motion. Rules 49.5, which is written in the passive voice, and 49.7 contemplate that scenario and permit the new losing party

to file either such motion addressing the new judgment and opinion. TEX. R. APP. P. 49.5, 49.7. At that point, the normal rules concerning further panel or en banc motions apply depending on how the court of appeals responds to the new loser's initial motion.

**I.      What about the notion that it is more logical and efficient to allow a party to wait and see if its initial panel motion produces a new judgment or opinion before first asserting enbancworthy arguments?**

This notion is illogical and inefficient for several reasons:

First, it ignores the plain text. Had the supreme court intended to include that "wait and see approach" to its list of events triggering a guaranteed right to file a first en banc motion, it would have said so in rule 49.5 or the first part of rule 49.7's second sentence. That the supreme court did not do that is compelling evidence that it did not intend to do so.

Two, permitting a "wait and see approach" adds delay, inefficiency, and costs to the appellate process. A lawyer receiving an undesired court of appeals opinion spends time reading and analyzing that opinion in light of the parties' merits briefs, analyzing errors in the opinion potentially warranting further argument, revisiting the applicable law, searching for new developments that might justify a different outcome, conferring with clients and possibly colleagues about potential new strategies, and if warranted writing a motion asking the court of appeals to take a second look at the issues. At that point, appellate counsel is fully apprised of the potential grounds for that second look, whether those grounds be that the court of appeals overlooked important evidence, arguments, controlling authorities, or the like, as well as grounds that would support en banc consideration. Thus, it is at that point that appellate counsel can most efficiently identify, research, assess, and brief enbancworthy arguments. It is to the clients' and the courts' benefit, and thus society's benefit, to deal with all such issues at that point. Conversely, a contrary take whereby the aggrieved appellate counsel begins the process anew to identify, assess, and urge enbancworthy arguments only after an initial panel motion fails promotes

–19–

inefficiency, increases costs, and delays a final case resolution to nobody's benefit but perhaps his or hers.

Three, the "wait and see approach" assumes that parties hold back potentially winning arguments hoping they will never have to make them. That is not the way most lawyers work. Instead, most people give their first post-court of appeals judgment and opinion motion their full attention, presenting their best arguments and then some in hopes of righting a sinking ship.

Four, contrary to Professor Dorsaneo's concerns that the majority opinion notes (*see* majority opinion footnote 1), the "wait and see approach" ignores the way this Court actually handles contemporaneous panel and en banc motions. When a disappointed party files joint or contemporaneous panel and en banc motions, the panel takes the first look and has the first opportunity to address those purported errors. If the motion persuades the panel to make changes, they do so and the en banc motion becomes moot. If the panel does not make any changes, the en banc motion then goes to the whole court to consider. Presumably other courts of appeals with more than three judges give panels similar deference.

Accordingly, logic and efficiency militate against reading into rule 49.7 a "wait and see approach" trigger that would permit disappointed parties a guaranteed right to file an en banc reconsideration motion upon receiving an order denying that party's prior panel rehearing (or en banc) motion without making any changes to the court of appeals' judgment or opinion.

**J.      Why does it matter that the majority opinion denies appellants' motion on the merits?**

It matters because jurisdiction is fundamental and always matters, and merits decisions made without jurisdiction are problematic for many reasons. For example, courts of appeals waste judicial resources when resolving cases over which they have no jurisdiction.

Additionally, parties, advocates, and citizens must be able to assess and manage their legal risks and rights based on predictable text readings of legal documents, including statutes, court rules, etc.

And opinions issued in cases over which the court lacked jurisdiction can harm Texas jurisprudence by cluttering and confusing the law with opinions that never should have been written.

## II.  CONCLUSION

Looking back to where this discussion began, the Court's task was to determine whether a subsequent en banc motion following a panel motion that resulted in no change in our judgment or opinion was entitled to more favorable timing rules than would follow on panel or en banc motions.  Having exhaustively explored the issue, the correct answer remains as postulated at the start: No.  No rule 49 text supports favoring an en banc motion with special treatment in this scenario.

Although the majority and concurring opinions promise a viable alternative meaning to rule 49.7's "when permitted" phrase, they do not deliver on that promise.  This vacuum exists because there is no other viable meaning than what this dissenting opinion explains.  Accordingly, the correct disposition here is to deny appellants' en banc motion for lack of jurisdiction without reaching its merits.  I dissent from the majority opinion because it doesn't do that.


/Bill Whitehill/
BILL WHITEHILL
JUSTICE


Bridges, Myers, and Brown, JJ., join in this dissent
170566HD.P05

–21–