**DISMISS and Opinion Filed May 9, 2022**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00818-CV**

**ESTHER ATIGOGO, Appellant**

**V.**

**TOWNS OF CHAPEL HILL, Appellee**

**On Appeal from the County Court at Law No. 7**
**Collin County, Texas**
**Trial Court Cause No. 007-03182-2021**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

After reviewing appellant's pro se brief, we notified her that her brief was deficient and provided a detailed explanation of why her brief did not meet the requirements of Texas Rule of Appellate Procedure 38. We noted that among other things, appellant failed to provide a statement of facts and failed to provide a clear and concise argument with appropriate citations to authorities or to the record. We directed appellant to file an amended brief and cautioned her that failure to do so might result in the dismissal of the appeal without further notice. Although given the opportunity to file a corrected brief, appellant declined to do so.

An appellant's brief must substantially comply with the Rules of Appellate Procedure—even if the appellant is pro se. *See* TEX. R. APP. P. 38.9; *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App—Dallas 2012, no pet.). As with other error-preservation requirements, "[o]ur procedural [briefing] rules are technical, but not trivial." *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014) (discussing practical importance of preservation requirements). The formal briefing requirements in the Rules of Appellate Procedure are intended to ensure, among other things, that an appellate court has the information necessary to resolve the relevant issues while maintaining its role as a neutral adjudicator. TEX. R. APP. P. 38.9; *see Ihnfeldt v. Reagan*, No. 02-14-00220-CV, 2016 WL 7010922, at *9 (Tex. App.—Fort Worth Dec. 1, 2016, pet. denied) (mem. op.). Thus, to substantially comply with the Rules of Appellate Procedure, an appellant's brief must, at a minimum, (1) not "flagrantly violat[e]" the formal briefing requirements; and (2) present the issues, facts, and legal authorities so as to "acquaint the court with the issues in [the] case and ... enable the court to decide the case." TEX. R. APP. P. 38.9; *see Horton v. Stovall*, 591 S.W.3d 567, 569–70 (Tex. 2019) (per curiam).

We construe appellate briefs "liberally, but reasonably" so that the right to appeal is not unnecessarily lost by waiver, and we will "not dismiss an appeal for a procedural defect whenever any arguable interpretation of the rules of appellate procedure would preserve the appeal." *Horton,* 591 S.W.3d at 569–70; *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011) (per curiam)

(quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997)). Here, however, appellant failed to substantially comply with the rules; she flagrantly violated the briefing requirements, and her violations prevent us from resolving the merits of the appeal. Accordingly, we dismiss this appeal. *See* TEX. R. APP. P. 38.8 (a)(1); 42.2(b), (c); *Bolling v. Farmer's Branch I.S.D.*, 315 S.W.3d 893, 897 (Tex. App—Dallas 2010, no pet.).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

210818F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ESTHER ATIGOGO, Appellant

No. 05-21-00818-CV      V.

TOWNS OF CHAPEL HILL, Appellee

On Appeal from the County Court at Law No. 7, Collin County, Texas Trial Court Cause No. 007-03182-2021.

Opinion delivered by Chief Justice Burns. Justices Molberg and Goldstein participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered May 9, 2022