# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-24-00568-CV

**Scott Kenneth Higley, Appellant**

**v.**

**Elesa Jo Jorgensen, Appellee**

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY,
### NO. D-1-FM-23-006671, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Scott Kenneth Higley has filed a "Notice of Inaccurate & Incomplete Supplementary Reporter's Record," asserting that "[t]he filed supplementary Reporter's record contained errors and discrepancies from what was said in court. The most notable discrepancy is on page 101, which is crucial to Appellant's case." Appellant requests that this Court "take necessary action" and order the trial court's court reporter to submit the original audio recordings as part of the reporter's record "for reference and comparison." In substance, this "Notice" is a motion for correction of alleged inaccuracies in the reporter's record. *See Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam) ("[C]ourts should acknowledge the substance of the relief sought despite the formal styling of the pleading.").

Texas Rule of Appellate Procedure 34.6(e) establishes the procedure for correction of alleged inaccuracies in a reporter's record:

(e)     *Inaccuracies in the Reporter's Record.*

(1) Correction of Inaccuracies by Agreement. The parties may agree to correct an inaccuracy in the reporter's record, including an exhibit, without the court reporter's recertification.

(2) Correction of Inaccuracies by Trial Court. If the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must—after notice and hearing—settle the dispute. If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court.

(3) Correction After Filing in Appellate Court. If the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. The trial court must then proceed as under subparagraph (e)(2).

Tex. R. App. P. 34.6(e).

Pursuant to Rule 34.6(e)(3), we grant in part appellant's motion, and we abate this appeal and remand the case to the trial court for determination of the accuracy of the reporter's record. *Id.* R. 34.6(e)(3); *see also id.* R. 34.6(e)(1), (2). If necessary, the trial court shall conduct a hearing as provided by Rule 34.6(e)(2) and make appropriate orders. *See id.* R. 34.6(e)(2). If the trial court's resolution of the dispute causes the need for any supplemental clerk's record or supplemental reporter's record to be filed in this Court, the trial court shall order the district clerk or the court reporter to cause the necessary supplemental record to be filed in this Court **on or before April 21, 2025**. Appellant shall submit a motion to reinstate the appeal or a status report informing this Court that additional time is needed for a Rule 34.6(e) determination accompanied by a motion to extend the abatement on or before **April 21, 2025.** This case will remain abated until further order of this Court.

2

It is so ordered on March 7, 2025.


Before Chief Justice Byrne, Justices Triana and Theofanis

Abated and Remanded

Filed:   March 7, 2025